JUSTICE LEAPHART
dissenting.
¶16 I dissent. I do not agree that this is an appropriate case in which to exercise supervisory control. As the court’s order recognizes, supervisory control should issue when a district court proceeds under a mistake of law causing a gross injustice for which an appeal is not an adequate remedy. Safeco v. Montana Eighth Judicial District, 2000 MT 153, 300 Mont. 123, 2 P.3d 834. The Court concludes that this petition presents an “appropriate case in which to exercise supervisory control.”
¶17 Without expressing an opinion on the merits of the issue raised, I would not deem the case appropriate for supervisory control for the reason that there is an adequate remedy by way of appeal.
¶18 The effect of the District Court’s order is that the jury will be presented with testimony from two economic experts. The petitioner’s *125 expert, Mr. Bordeau, will testify as to Najimer’s future earnings with no offset for consjimption. The respondent’s expert, Mr. Vuckovich, will testify as to future earnings loss reduced by Naumer’s consumption. If the jury, by way of special verdict interrogatory, is asked to specify the amount, if any, that damages are reduced due to decedent’s consumption, any challenge to the admissibility of the expert economic testimony can be adequately resolved on appeal.
¶19 In my view, the adequacy of a remedy on appeal is still a criterion that must be addressed in determining whether we accept a petition for an extraordinary writ. In the present matter, Payne has an adequate remedy by way of appeal.
CHIEF JUSTICE GRAY concurs in the dissent of JUSTICE LEAPHART.